IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| DARIAN HOLMES, | *  Crim. No. JKB-16-485 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Before the Court is Mr. Holmes's Correspondence (ECF No. 1894) requesting a 33-month credit against his soon-to-begin federal sentence. The Government has opposed his request (ECF No. 1898). For the reasons stated below, the Court will deny Mr. Holmes's request.

**I.   BACKGROUND**

In 1995, Mr. Holmes was convicted of second-degree murder and the use of a handgun and sentenced to fifty years of incarceration by the Maryland state court.[1] (ECF Nos. 751 at 1, 1898-1 at 10.) During his incarceration, Mr. Holmes conspired with others, including correctional staff, to smuggle contraband into a correctional facility. (ECF No. 557 at 9.) He subsequently pled guilty to racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (*Id.* at 1.) The Court sentenced him to 12 months and 1 day in federal prison, to run consecutive to his murder conviction. (ECF No. 1700 at 2.) Mr. Holmes's initial appearance in the racketeering case was on October 25, 2016, and he was sentenced on July 25, 2019. (ECF Nos. 236, 1699.) He states that he spent the intervening 33 months in federal, rather than state, custody. (ECF No. 1894 at

---

[1] Based on his stated release date, it appears Mr. Holmes's sentence has been subsequently reduced to 30 years (rather than 50 years) but the basis for the reduction is not clear based on the record currently before the Court. (*See* ECF No. 1894.)

1.) Mr. Holmes contends that those 33 months should be credited against the 12-month-and-1-day federal sentence. (*Id.*)

## II. ANALYSIS

Mr. Holmes's request will be denied because this Court does not have jurisdiction over it. While his letter does not mention a cause of action, the Court can discern no possible cause of action for a 18 U.S.C. § 3585(b) argument (addressing credit for prior custody) other than 28 U.S.C. § 2241 (the habeas corpus statute for federal inmates). A petition under § 2241 must, however, be filed in the district of confinement. *United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004). Mr. Holmes is not presently incarcerated in the District of Maryland. Accordingly, dismissal is appropriate, without prejudice to Mr. Holmes re-filing his Motion in the appropriate court.[2]

## III. CONCLUSION

For the reasons stated herein, it is ORDERED that:

1. Mr. Holmes's request to reduce his federal sentence by 33 months (ECF No. 1894) is DENIED because this Court lacks jurisdiction; and

2. The Clerk of Court shall MAIL a copy of this Order to Mr. Holmes.

DATED this 29 day of April, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[2] The Court notes that, as the Government points out, credit for prior custody is only given to a defendant if it "has not been credited against another sentence." 18 U.S.C. § 3585(b). This Court makes no findings regarding whether the 33 months at issue have already been credited against another sentence. However, based on Mr. Holmes's account of his current projected release date, it appears that the 33 months were likely credited against his state sentence, as his release date would otherwise be in 2027. But, as noted above, the correct length of the state sentence is not clear to the Court, nor is it clear whether or why that sentence may have been modified since his sentencing in the 1990s.